UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHARI L. BARGER,

Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

Defendant.

No. 1:15-CV-03018-JTR

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 14, 18. Attorney Thomas Bothwell represents Shari L. Barger (Plaintiff); Special Assistant United States Attorney Danielle R. Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Disability Insurance Benefits (DIB) on February 1, 2012, alleging disability since October 10, 2004, due to spinal stenosis,

osteoarthritis, sciatica, a fused neck, and a blood disorder. Tr. 135-136, 154, 158. The applications were denied initially and upon reconsideration. Tr. 69-71, 73-74. Administrative Law Judge (ALJ) Stephanie Martz held a hearing on July 24, 2013, at which Plaintiff, represented by counsel, and vocational expert (VE) Scott Whitmer, M.Ed., testified. Tr. 24-53. The ALJ issued an unfavorable decision on August 20, 2013. Tr. 11-19. The Appeals Council denied review on November 24, 2014. Tr. 1-3. The ALJ's August 20, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 22, 2015. ECF No. 1, 6.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 48 years old on October 10, 2004, the alleged date of onset. Tr. 135. She completed the twelfth grade in 1974 and worked for seventeen years prior to her alleged onset date as a floral designer. Tr. 159. Plaintiff testified that she stopped working in 2004 because she experienced pain in her low back and sciatic nerve. Tr. 32.

Plaintiff's date last insured was December 31, 2009. Tr. 143. Therefore, the relevant time period in which Plaintiff must establish eligibility was October 10, 2004, and December 31, 2009.

Prior to her date of onset, Plaintiff underwent bilateral anterior transposition of the ulnar nerves due to tardy ulnar nerves. Tr. 194, 199. On October 12, 2004, Plaintiff began physical therapy to treat her left leg pain. Tr. 214. Upon evaluation, she had a severely limited left hip rotation on the left and positive slump test and straight leg raising test. Tr. 214. An MRI completed in 2005 showed chronic degenerative disc disease at L4-5 and T11-12. Tr. 278. X-rays

taken in 2007 showed multilevel spondylosis throughout the cervical, thoracic, and lumbar spines. Tr. 277. Plaintiff's treating physician, Robert Krauth, M.D., provided an opinion on June 28, 2013, that Plaintiff was limited to sedentary work since prior to the end of calendar year 2009. Tr. 481.

At the July 24, 2013, hearing, Plaintiff testified that she experienced pain in her back, sciatic nerve, and neck, as well as numbness in her hands. Tr. 32, 41, 46-47. She testified that these resulted in difficulty lifting, bending, standing and walking. Tr. 31-32, 45-47.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 20, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from October 10, 2004, the alleged date of onset, through December 31, 2009, Plaintiff's date last insured. Tr. 13.

At step two, the ALJ determined Plaintiff had no severe impairments or combination of impairments during the relevant time period and denied the claim. Tr. 13.

In the alternative to denying the claim at step two, the ALJ found that there was no evidence Plaintiff would meet or equal a medical listing at step three. Tr. 19. The ALJ further determined that Plaintiff was limited to light exertional work during the relevant time period and, therefore, found Plaintiff not disabled by applying the medical vocational grid rules for light work. *Id*.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's impairments severe at step two; (2) failing to properly credit Plaintiff's testimony about the severity of her symptoms; (3) failing to give proper weight to the opinion of treating physician, Robert J. Krauth, M.D.; (4) failing to properly credit the opinions of lay witnesses; and (5) failing to make an adequate step five determination.

## DISCUSSION

### A. Step Two Non-Severe Finding

The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that could be considered severe. Tr. 13.

A "severe" impairment is one which significantly limits physical or mental ability to do basic work-related activities. 20 C.F.R. § 404.1520(c). It must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. It must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not just the claimant's statement of symptoms. 20 C.F.R. § 404.1508.

Step two is a *de minimis* inquiry designed to weed out nonmeritorious claims at an early stage in the sequential evaluation process. *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996), citing *Bowen,* 482 U.S. at 153-154 ("[S]tep two inquiry is a *de minimis* screening device to dispose of groundless claims"). "[O]nly those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits" at step two. *Bowen,* 482 U.S. at 158 (concurring opinion). "Basic work activities" are the abilities and aptitudes to do most jobs, including: (1) physical functions such as walking, standing, sitting, lifting, pushing,

pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, coworkers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b).

The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), citing S.S.R. 85-28. An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when the ALJ's conclusion is "clearly established by medical evidence." *Id.* In *Webb,* the Ninth Circuit found that although the medical record painted an incomplete picture of the plaintiff's overall health during the relevant period, it included evidence of problems sufficient to pass the *de minimis* threshold of step two. *Id.*

Here, the ALJ found that Plaintiff had the medical determinable impairments of multilevel degenerative disc disease, spondylosis, and depressive disorder, but that the conditions were not severe. Tr. 13-19. Yet, the multilevel degenerative disc disease and spondylosis is supported by objective evidence. An MRI completed in 2005 showed chronic degenerative disc disease at L4-5 and T11-12. Tr. 278. X-rays taken in 2007 showed multilevel spondylosis throughout the cervical, thoracic, and lumbar spines. Tr. 277. These correlate with Plaintiff's reported symptoms. Plaintiff testified that she stopped working in 2004 because she experienced pain in her low back and sciatic nerve. Tr. 31-32. Therefore, the ALJ's finding that Plaintiff lacked a severe impairment or combination of impairments is not "clearly established by medical evidence."

As part of the step two determination, the ALJ concluded that Plaintiff's symptom reports were inconsistent with contemporaneous medical records. Tr. 15.

The Ninth Circuit has addressed unfavorable credibility determinations at step two based on inconsistencies between a claimant's subjective complaints and his diagnosed conditions in *Webb*. 433 F.3d at 987-688. In that case, the circuit held that "[c]redibility determinations do bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and his diagnosed conditions," however, where the claimant's medical records did not simply record his complaints, but test results corresponded with symptom complaints and physicians did not dismiss the claimant's complaints as unfounded there was "no inconsistency between Webb's complaints and his doctor's diagnoses sufficient to doom his claim as groundless under the *de minimis* standard of step two." *Id*. at 688. As such, the circuit concluded there was not "the total absence of objective evidence of severe medical impairment," like in *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005), where the Ninth Circuit affirmed a step two determination of no severe impairment when the claimant's doctor was hesitant to conclude that any of his symptoms and complaints were medically legitimate. *Id.*

So too here, there is not a "total absence of objective evidence of severe medical impairment," and Plaintiff's physicians do not dismiss her complaints as altogether unfounded. Plaintiff complained of lower back and neck pain. Tr. 279, 282, 425, 430, 440, 441. An MRI complete in 2005 showed chronic degenerative disc disease at L4-5 and T11-12. Tr. 278. X-rays taken in 2007 showed multilevel spondylosis throughout the cervical, thoracic, and lumbar spines. Tr. 277. Dr. Eider diagnosed her with degenerative disease in the spine. Tr. 281, 285. Plaintiff complained of left leg pain. Tr. 290. Dr. Eider diagnosed her with Sciatica. Tr. 292. Plaintiff complained of hand pain. Tr. 282, 290, 434. Even when Dr. Eider stated that she was "uncertain why [Plaintiff] has problems at the MCP joint of her hands," she hypothesized that it could be psedogout. Tr. 292. This indicates that Dr. Eider did not question that Plaintiff experienced pain in her hands. Dr. Krauth

opined it could be carpal tunnel. Tr. 434. Again, this shows that Dr. Krauth did not question the existence of Plaintiff's symptoms. Therefore, there are not inconsistencies between Plaintiff's complaints and her physician's diagnoses sufficient to conclude that Plaintiff's claim is groundless.

In conclusion, the step two determination is such a *de minimis* threshold, that there must be a total absence of objective evidence of severe medical impairment. Here, there is objective evidence of a severe impairment, therefore, the ALJ's conclusion is not supported by substantial evidence. Therefore, the case is remanded for additional proceedings regarding the existence of a severe impairment or combination of impairments.

The Court acknowledges that medical evidence in the file may be an incomplete assessment of Plaintiff's medical condition during the relevant time period. As such, if the ALJ has trouble determining the effect of Plaintiff's impairments on her ability to sustain work activity, she is to call all necessary medical and vocational experts to fully and fairly develop the record. Of course, Plaintiff continues to have the burden of establishing disability at steps one through four, but the ALJ also has a duty to develop the record. *Brown v. Heckler*, 713 F .2d 441, 443 (9th Cir. 1983).

**B. Credibility**

In denying the claim at step two, the ALJ found Plaintiff not fully credible concerning the intensity, persistence, and limiting effects of her symptoms because her symptom reporting was inconsistent with her medical records. Tr. 15. The Ninth Circuit has held that this reason alone is insufficient to support a finding that a claimant is less than fully credible. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Considering this is the sole reason clearly provided by the ALJ, this is not enough to support an unfavorable credibility determination.

Defendant argues that the ALJ provided four additional reasons for finding Plaintiff less than fully credible: (1) gaps in treatment or conservative treatment;

(2) failure to follow through with treatment recommendations; (3) improvement in pain when treatment was followed; and (4) inconsistent statements. ECF No. 18 at 15-17. While the ALJ provided a litany of citations to the medical evidence in the record and these citations may support the four reasons argued by Defendant, she never provided any additional analysis or conclusions making any finding that Plaintiff was less then fully credible.

Considering the ALJ's precise reasoning regarding Plaintiff's credibility is not clear to the Court and the claim is to be remanded for a new step two determination, the ALJ is further instructed to make a new credibility determination upon remand.

**C. Evaluation of Medical Evidence**

The ALJ gave "little weight" to the opinion of Plaintiff's treating physician. Tr. 17. Plaintiff challenges this determination. ECF No. 14 at 16-18.

On June 28, 2013, Dr. Krauth completed a form opining that Plaintiff was limited to sedentary work prior to the end of calendar year 2009. Tr. 481. The ALJ gave this opinion "little weight" because (1) Dr. Krauth did not provide any medical explanation as to why Plaintiff was limited to sedentary work; (2) Dr. Krauth referred Plaintiff to a rheumatologist when she inquired about disability; and (3) the limitation to sedentary work was inconsistent with Dr. Krauth's advice to exercise for 40 minutes a day, five days a week. Tr. 17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ should give more weight to the opinion of an examining physician than to the opinion of a

nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Neither Plaintiff nor Defendant asserts which standard is appropriate in this case. ECF No. 14 at 13-14; ECF No. 18 at 8-9.

First, the ALJ gave Dr. Krauth's opinion little weight because he did not provide a medical explanation to support his opinion. The Ninth Circuit has consistently held that finding that a treating physician's opinion is conclusory, brief, and unsupported by clinical findings is a specific and legitimate reason for rejecting that opinion. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Batson*, 359 F.3d at 1195.

In his opinion, Dr. Krauth failed to explain why he limited Plaintiff to sedentary work. Tr. 481. The opinion consists of a form with six options ranging from "I do not believe that this patient is capable of performing any type of work on a reasonably continuous, sustained basis," to "Very heavy work." *Id*. Dr. Krauth checked one box, next to "Sedentary work" and did not provide any statement in the "Any comments, if any:" section. *Id*. As such, this reason qualifies as a specific and legitimate reason to reject the opinion. Tr. 481.

The remaining two reasons the ALJ gave for rejecting Dr. Krauth's opinion are not legally sufficient. The ALJ determined that since Dr. Krauth referred Plaintiff to a rheumatologist after she spoke to him about disability, suggests that Dr. Krauth did not find any grounds for disability. Tr. 17. This is mere conjecture and is not supported by the record. The medical records show that Dr. Krauth

referred Plaintiff to Dr. Eider, "both to address the arthritis, and to address disability questions." Tr. 421. Plaintiff testified that the application for disability was "too much" for her and she asked Dr. Krauth "if he could help me with it and he said, no, he couldn't. So then he - - when he sent me to Dr. Eider he said, perhaps, she could help me." Tr. 32. Additionally, the ALJ concluded that Dr. Krauth's advice to exercise for 40 minutes a day, five days a week is inconsistent with a limitation to sedentary work. Tr. 17. Plaintiff asserts that exercising 40 minutes a day is not inconsistent with the exertional requirements of sedentary work. ECF No. 14 at 16. A physician's recommendation that a patient who recently gained twenty pounds increase her physical activity, Tr. 426, is not inconsistent with the ability to perform work at the sedentary level. A claimant need not be utterly incapacitated to be eligible for benefits. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Further, Dr. Krauth does not state what kind of physical activity he is encouraging. Any conjecture by Plaintiff or Defendant is just conjecture. Therefore, these are not legally sufficient reasons to reject Dr. Krauth's opinion.

Considering the file is being remanded for new step two and credibility determinations, the ALJ is directed to reevaluate the medical opinion evidence in the file on remand.

**D. Lay Witness Testimony**

As part of the step two determination, the ALJ gave "little weight" to the statements from Theresa Corbray and Vern Clark. Tr. 18.

Non-medical sources, such as relatives, neighbors, and friends are considered "other sources." 20 C.F.R. § 404.1513(d)(4). While the ALJ is required to consider observations by "other sources" as to how an impairment affects a claimant's ability to work, the ALJ can disregard evidence from an "other source," by setting forth reasons "that are germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ rejected the statements from Ms. Corbray and Mr. Clark for three reasons: (1) they were vague; (2) the inability to perform a particular job does not mean that there was no other work the claimant could have performed; and (3) the report was made many years after the events. Tr. 18. A finding that the statement is vague and made several years after the events are reasons germane to the witness and, therefore, sufficient to reject the statement. But, the ALJ's second reason, that the inability to perform a particular job does not mean that there was no other work Plaintiff could have performed, is an inaccurate conclusion in a step two determination. At step two, the ALJ is determining whether or not the claimant has a severe impairment. 20 C.F.R. § 404.1520(a). A "severe" impairment is one which significantly limits physical or mental ability to do basic work-related activities. 20 C.F.R. § 404.1520(c). The fact that an individual's impairments precluded past work is evidence that she has a severe impairment. Nonetheless, the ALJ provided legally sufficient reasons for rejecting the statements with her first and third findings.

**E. Alternative Determination**

In the alternative to the claim being denied at step two, the ALJ made findings at steps three and five; the ALJ stated, "Even if the claimant's spinal impairment was found severe, there is no evidence she would meet or equal a medical listing. Further, the overall evidence is consistent with finding she could perform light work." Tr. 19. The ALJ also noted that she posed a hypothetical to the vocational expert limiting the RFC to light work with frequent balancing, occasional stooping, kneeling, crouching, crawling, and no exposure to hazards. *Id*. The vocational expert stated a person with those limitations could perform the occupations of cashier II and recreation aide. Tr. 19, 49.

Considering that the ALJ is instructed to make a new determinations regarding step two, credibility, and medical opinion evidence and that these determinations will affect any RFC findings, the ALJ is also instructed to make

new step four and five determinations upon remand.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-596 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-1180 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to determine Plaintiff's severe impairments at step two with testimony from a medical expert, if needed, and determine Plaintiff's credibility regarding her symptom reporting. Upon reevaluating these, the ALJ will also need to supplement the record, reconsider the medical evidence, including all medical opinions in the record, and, make new step four and five determinations with the assistance of a vocational expert.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED February 24, 2016.




JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE